IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

MICHELLE LOUISE FRAZIER,

    Petitioner,

v.                                                       Civil Action No. 3:09cv119

GENE JOHNSON,

    Respondent.

## MEMORANDUM OPINION

Petitioner Michelle Frazier, a Virginia inmate proceeding *pro se*, brings this petition for a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254.[1] (Docket No. 1.) Frazier challenges the revocation of her suspended sentences. Respondent filed a Motion to Dismiss (Docket No. 9) and Rule 5 Answer (Docket No. 10), providing Frazier with appropriate *Roseboro*[2] notice (Docket No. 12). Respondent contends that the statute of limitations bars this action.[3] Frazier responded to the motion, and the matter is ripe for adjudication. Jurisdiction exists under 28 U.S.C. §§ 636(c) and 2254. For the reasons that follow, the Court will GRANT Respondent's Motion to Dismiss (Docket No. 9) and DENY the Petition (Docket No. 1).

---

[1] 28 U.S.C. § 2254(a) states in relevant part:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

[2] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

[3] Respondent further contends that, even if review on the merits were appropriate, the Court must find Frazier's claims procedurally defaulted. Because the Court will decide the matter on another ground, however, the Court need not reach this argument.

## I. Procedural History

On December 19, 2001, Frazier pled guilty to two counts of forgery. (Pet. 2; Resp't's Br. Supp. Mot. Dismiss ("Resp't's Br."), ¶ 1.) The Circuit Court for the City of Newport News ("Circuit Court") sentenced Frazier to three years for each count and suspended all six years. (Pet. 2; Resp't's Br. ¶ 1.) Frazier did not pursue a direct appeal.

On November 15, 2006, the Circuit Court found Frazier guilty of two probation violations and revoked her sentences, re-suspending four years and imposing two years of incarceration.[4] (Pet. 2.) Thereafter, Frazier filed several unsuccessful motions asking the Circuit Court to reconsider its decision to impose two years of active incarceration.[5] (*See* Pet. 4; Resp't's Br. ¶ 1.) In support of her motions for reconsideration, Frazier argued that at the time the Circuit Court imposed the two-year sentence resulting from the revocation hearing, she already was serving a six-year term of incarceration on a different charge, and therefore the Circuit Court should have ordered any additional sentences to run concurrent to the six-year term, especially because this was a first violation. (Pet. 4, 14.) In addition, Frazier argued that

---

[4] The record reflects that Frazier pled guilty to violations of two conditions of her probation. (*See* Mot. Dismiss, Ex. 2, Pet. for Appeal, *Frazier v. Wheeler*, No. 081822, at 5 (Va. Sup. Ct. Nov. 21, 2008); Pet'r's Opp'n Mot. Dismiss ("Opp'n"), Ex. 1, Mot. Reconsid., *Commonwealth v. Frazier*, No. CR47606-01(01), CR47605-01(01), ¶ 1 (Va. Cir. Ct.) (filed Jan. 22, 2007).) Neither party clarifies, however, what conditions Frazier violated.

[5] The record does not indicate clearly the number of motions for reconsideration Frazier filed. Frazier contends she filed two such motions: one on January 22, 2007, and one on August 13, 2007. (Pet. 4.) Respondent contends Frazier filed four such motions, which the state court denied on the following dates: (1) January 1, 2007; (2) February 8, 2008; (3) March 27, 2007; and, finally, (4) August 27, 2007. (Resp't's Br. ¶ 1.) In addition, Respondent contends that on September 18, 2007, the state "court stated that in view of the number of meritless motions previously filed by Frazier challenging her sentences imposed at the revocation hearing, any further motions to reconsider involving the revocation sentences would be filed by the circuit court clerk without any further action." (Resp't's Br. ¶ 1.)

2

she had been "accepted into [a] program" and "additional time given to the already term of incarceration was harsh."[6] (Pet. 4.)

On May 5, 2008, Frazier filed a petition for a writ of habeas corpus in the Circuit Court.[7] (Pet. 4.) Frazier argued that: (1) she suffered ineffective assistance of counsel during her revocation hearing because her revocation counsel did not fully investigate her background; and, (2) the sentence imposed as a result of the revocation was excessive and harsh. (Pet. 4.) On July 18, 2008, the Circuit Court denied the petition. (Pet. Ex. 1, *Frazier v. Wheeler*, No. CR08H00822 (Va. Cir. Ct. July 18, 2008).) Frazier noted her appeal to the Supreme Court of Virginia, which denied her petition on November 21, 2008. (Pet. 5; Resp't's Br. ¶ 3.)

On February 23, 2009, Frazier filed the instant Petition. (Pet. 15.) She asserts two grounds for relief, which the Court restates as follows:

>  Claim One   Frazier's counsel during the revocation hearing provided ineffective assistance because he failed to investigate her background or present to the court the other sentences for which Frazier was serving time; and,
>
>  Claim Two   The sentence imposed at the conclusion of the revocation hearing was excessive and harsh.

(Pet. 6-7.)

---

[6] Despite the discrepancy in the number of reconsideration motions filed, the parties do not appear to disagree as to the substance of these motions. (*Compare* Resp't's Br. ¶ 1 *with* Pet. 4.)

[7] Respondent contends Frazier filed her state habeas corpus petition on April 28, 2008. (Resp't's Br. ¶ 3.)

3

## II. Analysis

### A. The Pertinent Statute of Limitations Bars Frazier's Claims

28 U.S.C. § 2244 requires a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) states:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

 (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
 (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
 (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
 (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

4

Frazier's revocation became final on Monday, December 18, 2006.[8] *See* 28 U.S.C. § 2244(d)(1)(D); *Wade v. Robinson*, 327 F.3d 328, 332-33 (4th Cir. 2003). Under the applicable one-year limitation period, Frazier had until Monday, December 17, 2007 to file a federal petition for a writ of habeas corpus. Frazier did not file the instant Petition until February 23, 2009, more than one year and two months after the applicable period of limitation had expired. Her Petition is therefore time-barred unless Frazier merits either statutory or equitable tolling of the statute of limitations. *See* 28 U.S.C. § 2244(d)(1)(A).

### B. Frazier's Claims Do Not Merit Statutory Tolling

Frazier's submissions in state court do not qualify for statutory tolling under 27 U.S.C. § 2244(d)(2) for two reasons. First, Frazier's state habeas corpus petition did not entitle her to any statutory tolling. Second, Frazier's various motions for reconsideration or sentence modification do not toll the statute of limitations.

#### 1. Frazier's State Habeas Corpus Petition Does Not Entitle Her to Statutory Tolling

Frazier filed her state habeas corpus petition on May 5, 2008. (Pet. 4.) Because the one-year period already had expired on December 17, 2007, by the time Frazier filed her May 5, 2008 state habeas petition, that petition did not entitle her to any statutory tolling of the limitations

---

[8] Generally, "the one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired." *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002). Frazier had thirty days from November 17, 2006, the date the Circuit Court entered its order of revocation, in which to note her appeal to the Court of Appeals of Virginia. Va. Sup. Ct. R. 5:9(a); *see Allen v. Johnson*, 602 F. Supp. 2d 724, 726 n.1 (E.D. Va. 2009) (noting that "[i]n Virginia, a criminal conviction is final upon entry of the sentencing order") (internal citation omitted). Thirty days after November 17, 2006 fell on Sunday, December 17, 2006. Pursuant to the Code of Virginia, the deadline to file her direct appeal therefore fell on the following Monday. Va. Code § 1-210(B).

period under 28 U.S.C. § 2244(d)(2). *See Deville v. Johnson*, No. 1:09cv72, 2010 WL 148148, at *2 (E.D. Va. Jan. 12, 2010) (*citing Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)).

### 2. The Plain Language of § 2244(d)(2) Encompasses Only Collateral, Post-Conviction Review

Frazier's various motions or requests for reconsideration or sentence modification do not toll the statute of limitations. 28 U.S.C. § 2244(d)(2) provides, in relevant part: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The United States Court of Appeals for the Fourth Circuit has emphasized that "under the plain language of section 2244(d)(2) - 'State post-conviction or *other* collateral review' . . . [means] only . . . state *collateral*, post-conviction review." *Walkowiak v. Haines*, 272 F.3d 234, 236 (4th Cir. 2001) (*citing Duncan v. Walker*, 533 U.S. 167, 177 (2001)) (emphasis in original). By noting that the statute describes any post-conviction motion only in comparison to "other" collateral review, the Fourth Circuit noted that § 2244(d)(2) can only be read to apply when a collateral challenge has been raised. The Fourth Circuit explained that "[t]his plain language interpretation of the section gives meaning to each and every word of the provision, which a reading of the statute to require tolling during *any* form of review after conviction (collateral or otherwise) would not."[9] *Id.* at 236-37.

"[T]he term 'collateral review' refers to a proceeding [1] separate and distinct from that in which the original judgment was rendered, and [2] in which the petitioner challenges the legality of the original judgment." *Id.* at 237. In *Walkowiak*, the Fourth Circuit concluded a

---

[9] As the Court discusses in Part II.B.2., *infra*, other Courts of Appeals that have addressed this issue have not relied upon a "plain language" interpretation of § 2244(d)(2).

motion under West Virginia Rule of Criminal Procedure 35(b) did not satisfy either of these requirements. With respect to the first requirement, the Fourth Circuit explained that "[o]ften, even if not always, collateral review is conducted at least by a different judge, if not by a different court altogether, because it is the judgment of the original forum that is drawn into question in the collateral proceeding." *Id.* "The Rule 35(b) proceeding is, in effect, part and parcel of the same proceeding in which the defendant was sentenced," because it merely asks the same judge who presided over the petitioner's case to modify his or her sentence. *Id.* at 238.

With respect to the second requirement, the Fourth Circuit noted that a Rule 35(b) motion does not challenge the legality of the conviction and sentence, but rather asserts a plea for leniency and "presents some compelling *non-legal* justification that warrants mercy." *Id.* Therefore, the Fourth Circuit held that Rule 35(b) motions do not constitute collateral attacks sufficient to toll the running of the federal statute of limitations applicable to a petition for a writ of habeas corpus. *Id.*

Frazier's motions for reconsideration are similar to the Rule 35 motions in *Walkowiak* and do not have either of the two characteristics of collateral review proceedings described in *Walkowiak*. The motions were not separate and distinct from the original proceeding; they were filed in her criminal file and directed to the same judge who had imposed her sentence. Also, the motions for reconsideration do not draw into question the legality of the underlying conviction and sentence. Instead, like the Rule 35 motions in *Walkowiak*, Frazier's motions for reconsideration largely present pleas for leniency rather than any legal argument. (*See, e.g.*, Pet. 4 (stating as grounds for reconsideration that she had been "accepted into [a] program" and would like any additional sentence to run concurrent with the sentence she was already serving);

7

Pet'r's Br. Opp'n, Ex. 1, Mot. Reconsid. (moving the court for reconsideration based on Frazier's status as a non-violent offender, her cooperation with the police department, and the other term of incarceration she already was serving).)

Because Frazier's motions for reconsideration do not constitute collateral applications for relief, and because Frazier seeks leniency in sentencing rather than launching "an attack on the constitutionality or legal correctness of a sentence," her motions for reconsideration, like Rule 35(b) motions for sentence reduction, do not toll the statute of limitations. *See Walkowiak*, 272 F.3d at 237-38; *see also Frazier v. Johnson*, No. 3:09cv348, 2010 WL 1640263, at *2 n.5 (E.D. Va. Apr. 22, 2010).

### 3. Additional Analysis of § 2244(d)(2) Confirms That Frazier's Motions Do Not Toll the Statute of Limitations

The Fourth Circuit has emphasized that under the "plain language" of § 2244(d)(2), the federal "statute of limitations is tolled only for state *collateral*, post-conviction review." *Walkowiak*, 272 F.3d at 236. This Court clearly is bound by that determination.

At least one other Court of Appeals, however, does not construe the plain language of the statute to be so limited. In doing so, the United States Court of Appeals for the Tenth Circuit has noted that the phrase "post-conviction or other collateral review" may encompass review that is simply post-conviction, such as a sentence reduction motion. *See Howard v. Ulibarri*, 457 F.3d 1146, 1148-50 (10th Cir. 2006) (finding that a properly filed Colorado Rule 35(b) motion tolls the statute of limitations); *Robinson v. Golder*, 443 F.3d 718, 721 (10th Cir. 2006) (finding that a properly filed New Mexico sentence modification motion tolls the statute of limitations). Other Courts of Appeals addressing this issue have not rested strictly upon a "plain language"

interpretation of the statute. *See Davis v. Barrow*, 540 F.3d 1323, 1324 (11th Cir. 2008) (holding that a state court motion tolls the federal statute of limitations only when it attacks the legality of the sentence); *Hartmann v. Carroll*, 492 F.3d 478, 483 (3rd Cir. 2007) (agreeing with the Fourth Circuit's decision in *Walkowiak*, but also noting that this interpretation comports with the purpose of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")). Instead, these circuits have reasoned that the policy underlying the AEDPA permits tolling only in limited circumstances.

In light of this apparent circuit split, this Court conducts analysis beyond the plain language to determine whether Frazier's various motions for reconsideration toll the federal statute of limitations. The Court notes that, even if the plain language of the statute lacks clarity,[10] the legislative history of the AEDPA and the policy underlying its enactment make clear to this Court that the Fourth Circuit reached the correct result in *Walkowiak*.

---

[10] The Supreme Court has noted that Congress could have explained more clearly the mechanics of tolling under § 2244(d)(2). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997) ("All we can say is that in a world of silk purses and pigs' ears, the [AEDPA] is not a silk purse of the art of statutory drafting."); *see also United States v. Prescott*, 221 F.3d 686, 690 (4th Cir. 2000) (King, J. concurring) (concurring with the majority opinion that a motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure does not toll the statute of limitations for a § 2255 motion, but urging Congress to "take note of" and "undertake to remedy" issues of congressional drafting).

In *Duncan v. Walker*, the Supreme Court acknowledged that "Congress . . . may have employed the construction 'post-conviction or other collateral' in recognition of the diverse terminology that different States employ to represent the different forms of collateral review that are available after a conviction." *Duncan*, 533 U.S. at 177. The Supreme Court noted that "Congress may have refrained from exclusive reliance on the term 'post-conviction' so as to leave no doubt that the tolling provision applies to all types of state collateral review available after a conviction and not just to those denominated 'post-conviction' in the parlance of a particular jurisdiction." *Id.*

9

The AEDPA was enacted in the wake of the bombing of the federal building in Oklahoma City. *See* 141 Cong. Rec. S7821 (daily ed. June 7, 1995) (statement of Rep. Nickles). Proponents of habeas corpus reform championed its inclusion in the AEDPA because they sought to impose time limits upon habeas corpus proceedings to curb abusive use of the statute, to prevent unnecessary delay and repetitive litigation, and to make the death penalty an effective deterrent for terrorists who commit such atrocious acts as the Oklahoma City bombing. *See id.* at S7803 (statement of Sen. Specter); 142 Cong. Rec. H3605-04 (statement of Rep. Hyde); H.R. Rep. No. 104-518, at 59 (1996) (Conf. Rep.); H.R. Rep. No. 104-23, at 7 (1995). Accordingly, the time limitations imposed by the AEDPA are intended to create disincentives for those prisoners who would file frivolous requests as delay tactics. *Cf. Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (denying tolling during the pendency of a petition for certiorari to the Supreme Court); *Hartmann*, 492 F.3d at 484. Certainly, Frazier's submissions to the Circuit Court would fall within the ambit of multiple filings aimed more at delay than anticipated success. *Cf. Lawrence*, 549 U.S. at 336. Such motions do not merit statutory tolling of the federal statute of limitations.

C.  **Frazier's Claims Do Not Merit Equitable Tolling**

"§ 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, __ S. Ct.__, No. 09-5327, 2010 WL 2346549, at *9 (June 14, 2010). The Fourth Circuit has found that equitable tolling of the statute of limitations is "reserved for those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). "[T]o be entitled to equitable tolling, an otherwise time-barred

petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (*quoting Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)).

Frazier makes no valid argument as to why the Court should equitably toll the statute of limitations on her federal Petition, nor does the record indicate that Frazier merits equitable tolling. Frazier states no circumstance that prevented her from filing her federal petition on time. Therefore, the Court will GRANT Respondent's Motion to Dismiss. (Docket No. 9.) The Court will DISMISS Claims One and Two and DENY the Petition. (Docket No. 1.)

### III. Certificate of Appealability

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Additionally, when the district court bases its ruling on procedural grounds, the petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Fleming v. Evans*, 481 F.3d 1249, 1254 (10th Cir. 2007). "In reaching this determination, [the district court] will not delve into the merits of the claim, but instead will determine only whether the petitioner has 'facially

11

alleged the denial of a constitutional right.'" *Fleming*, 481 F.3d at 1259 (*quoting Gibson v. Klinger*, 232 F.3d 799, 803 (10th Cir. 2000)); *see also Jefferson v. Welborn*, 222 F.3d 286, 289 (7th Cir. 2000) (stating that the court had "taken a quick look at the claims" in the petition to determine whether they alleged the denial of a constitutional right). A petitioner may "make the requisite showing with respect to *any one* of the claims in her application." *Reid v. Angelone*, 369 F.3d 363, 372 (4th Cir. 2004).

Although this Court relies on sound decisions in this Circuit, the Court concludes that Frazier merits a COA because jurists of reason would find it debatable whether the Court correctly decided this procedural issue.[11] *See Davis*, 540 F.3d at 1324; *Hartmann*, 492 F.3d at 483; *Howard*, 457 F.3d at 1148-50; *Robinson*, 443 F.3d at 721; *Walkowiak*, 272 F.3d at 23. The Court will GRANT Frazier a COA.

### IV. Conclusion

Based on the foregoing reasons, the Court finds Frazier's Petition barred by the applicable statue of limitations. Respondent's Motion to Dismiss (Docket No. 9) will be GRANTED. The Petition will be DENIED and the action DISMISSED. (Docket No. 1.) A COA will be GRANTED.

An appropriate Order shall issue.

/s/ M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 6/24/10

---

[11] Furthermore, although Claim Two alleges no constitutional violation, because Frazier facially alleged a denial of constitutional rights by raising a claim of ineffective assistance of counsel in Claim One (Pet. 6), reasonable jurists could debate whether she has stated a valid claim of a denial of a constitutional right. *See Slack*, 529 U.S. at 484; *Reid*, 369 F.3d at 372.

12